**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

August 23, 2012

Vincent J. Piazza, Esq.
6716 Harford Road
Baltimore, MD 21234

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

   **Re: Felicia Bivens v. Michael J. Astrue, Commissioner of Social Security, PWG-10-1206**

Dear Counsel:

   Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Bivens' claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Nos. 8, 14, 24). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion for Summary Judgement.

   Ms. Felicia Bivens (sometimes referred to as "Ms. Bivens", "Claimant" or "Plaintiff") applied for DIB and SSI on September 28, 2007, alleging that she was disabled since July 7, 2007, due to uterine fibroids, right ankle pain, obesity, and depression. (Tr. 90, 116). Her claims were denied initially, and upon reconsideration. (Tr. 45-50). After a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable William L. Akers, on October 29, 2009, a decision denying Plaintiff's claims was issued on July 24, 2009. (Tr. 12-18).

The ALJ found that Claimant's status post ovarian cysts, ankle fracture, obesity, and post-traumatic stress disorder ("PTSD") were "severe" impairments, as defined in the Regulations, but that they did not meet or medically equal any of the listed impairments ("the Listings" ) found in the Regulations.  The ALJ also determined that Claimant retained the residual functional capacity ("RFC") to perform a range of light work activity.[1]  Based on her RFC, and after receiving testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Bivens could not perform her past relevant work ("PRW"), but that work was available in both the local and national economies which she could perform. (Tr. 18).  Accordingly, the ALJ found that she was not disabled. (Tr. 19).  On April 10, 2010, the Appeals Council denied Claimant's request for review, making her case ready for judicial review. (Tr. 1-3).

Ms. Bivens argues that the ALJ failed properly to analyze the medical evidence from her treating physician in determining whether she met a listing and in determining her RFC.  For the reasons that follow, I find that the ALJ's decision is supported by substantial evidence and it must therefore be affirmed.

Claimant's first argument is that the ALJ failed properly to consider the opinions of her treating primary care physician, Dr. Ramin Mazhari.[2]  The Commissioner argues that the ALJ properly afforded minimal weight to the treating doctor's opinions. *See* Defendant's Memorandum, pp. 8-11.

A treating physician's opinion may be entitled to controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial

---

[1] The ALJ found Ms. Bivens could not stand/walk for more than 4 hours in an 8 hour day, and she was limited to 1 or 2 step operations. (Tr. 16).

[2] In September 2009, Dr. Mazhari completed a Medical Assessment Report, in which he stated, relevantly, that Ms. Bivens did not have the ability to be on her feet for prolonged periods of time, she could not stand for more than 2 hours, she did not have the strength and endurance necessary -- on a sustained, regular and continuing basis-- to lift objects weighing 10 pounds, and that her condition met Listing 1.02A *Major Dysfunction of a Joint*.  (Tr. 274-277).

evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2)). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the record to determine the extent to which the opinion is supported by it. In this case, I find that the ALJ fulfilled this duty.

Contrary to Claimant's argument, the ALJ adequately discussed the opinions of Dr. Mazhari and explained why he was according his opinion that Claimant met Listing 1.02A (*Major Dysfunction of a Joint*) less than controlling weight. The ALJ noted that there was no evidence in the treatment notes to support the opinions regarding Ms. Biven's extreme functional limitations. After review of the record, I agree. The ALJ also concluded that Dr. Mazhari's opinions were entitled to minimal weight because they were not supported by clinical or diagnostic testing, because of the generally unremarkable findings upon examination of Claimant, and the lack of evidence that she could not ambulate effectively. (Tr. 15, 218-240). In support of his findings, the ALJ discussed Ms. Bivens' activities of daily living, the results of the various tests and procedures that were performed on Claimant for her ovarian cysts, and the records from her psychological counseling for domestic abuse at the House of Ruth. *See* Exhibits 1-F and 10-F. (Tr. 16, 175-177, 257-273). This evidence properly was considered by the ALJ and the decision to accord less than controlling weight to Dr. Mazhari's opinions is supported by substantial evidence.

Claimant also argues that the ALJ erred at step four in determining her RFC, and that her mental limitations were not adequately reflected in the hypothetical the ALJ presented to the VE. Specifically, Ms. Bivens contends that the ALJ should have found that she was unable to complete even simple job duties. The Commissioner contends that the hypothetical the ALJ presented to the VE was based upon all the limitations the ALJ accepted as credible. After review of the record and the ALJ's decision, I find that the ALJ sufficiently discussed the medical evidence he considered and relied upon in determining that Ms. Bivens had a RFC allowing less than a full range of light work, and that the limitations he included in the questions presented to the VE are supported by the record. (Tr. 30-31).

First, the ALJ adequately documented his findings with reference to 20 CFR §404.1520a, which requires ALJ's to follow a

3

special technique when mental impairments are alleged. (Tr. 15-16). The ALJ found that Ms. Bivens had mild limitations in activities of daily living, moderate limitations in maintaining social functioning and mild limitations in concentration, persistence, and pace. Furthermore, it is apparent that the ALJ considered all the medical records including the reports completed by the state agency reviewing physicians. Exhibits 3-F, 7F. The ALJ discussed the doctors' opinions in his decision. For example, the ALJ found that Ms. Bivens had the ability to understand, remember and follow only one to two step instructions. (Tr. 16). Thus, despite her argument to the contrary, the ALJ did not fail to consider Claimant's mental limitations.

I also find that the hypothetical presented to the VE[3] is supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose hypotheticals that are based on substantial evidence and accurately reflect the claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The ALJ posed hypotheticals to the VE regarding an individual with Claimant's conditions and limitations. The VE identified light and sedentary jobs in the local and national economies and explained the impact on those jobs identified when additional limitations were considered. *Cline v. Chater*, 82 F.3d 409 (4th Cir. 1996) (Tr. 30-32). In sum, the hypotheticals presented to the VE with the limitations the ALJ described, are supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)).

Thus, for the reasons given, this Court **DENIES** Ms. Bivens' Motion and **GRANTS** the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

Dated:  8/23/12                        _____/s/_____
                                       Paul W. Grimm
                                       United States Magistrate Judge

---

[3] The VE was asked to consider an individual who has the residual functional capacity to perform at least light work with: the ability for standing and walking four hours in a normal work day, and mentally limited to one or two step operations. (Tr. 30).